IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROCKELL BOGAN, Individually and on      PLAINTIFF
Behalf of All Others Similarly Situated

vs.     No. 5:22-cv-5096-TLB

ASHLEY HEALTH, LLC     DEFENDANT

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Rockell Bogan ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Patrick Wilson and Josh Sanford of Sanford Law Firm, PLLC, for her Original Complaint—Collective Action ("Complaint") against Defendant Ashley Health, LLC ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA and the AMWA.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Plaintiff was employed by and performed work for Defendant in Benton County. Therefore, venue is proper within the Fayetteville Division of the Western District of Arkansas pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6. Plaintiff is an individual and resident of Washington County.

7. Defendant is a domestic limited liability company.

8. Defendant's registered agent for service of process is Kristina Kilgore-Mullen at 222 South First Street, Rogers, Arkansas 72756.

9. Defendant, in the course of its business, maintains a website at https://www.ashleyhealth.com/.

## IV.   FACTUAL ALLEGATIONS

10. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Within the two years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as supplies and equipment.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

15. Defendant employed Plaintiff as a CNA from February of 2021 until February of 2022.

16. Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA and paid her an hourly wage.

17. Defendant also employed other hourly-paid Nurses, CNAs and RNAs (hereinafter, "Nurses") within the three years preceding the filing of this Complaint.

18. Defendant directly hired Plaintiff and other Nurses, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

19. In addition to her hourly wage, Plaintiff regularly received bonuses for working extra shifts ("incentive bonuses").

20. The incentive bonuses are based on objective and measurable criteria such as the number of shifts Plaintiff worked.

21. Plaintiff expected to receive the incentive bonuses and did in fact receive the incentive bonuses on a regular basis.

22. Upon information and belief, all or most Nurses received incentive bonuses.

23. Defendant informs Nurses of the incentive bonuses upon hiring because the bonuses are part of Defendant's compensation package. Nurses expect to receive the bonuses when they meet the required criteria.

24. Plaintiff and other Nurses regularly or occasionally worked in excess of forty hours per week throughout their tenure with Defendant.

25. Defendant did not include the incentive bonuses that were paid to Plaintiff and other Nurses in their regular rates when calculating their overtime pay even though Plaintiff and other Nurses received bonuses in pay periods in which they also worked in excess of forty hours per week.

26. 29 C.F.R. § 778.208 requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

27. Defendant violated the FLSA and AMWA by not including all forms of compensation, such as the incentive bonuses of Plaintiff and other Nurses, in their regular rate when calculating their overtime pay.

28. Upon information and belief, Defendant's pay practices were the same for all Nurses who received incentive bonuses.

29. Because of the volume of work required to perform their jobs, Plaintiff and other Nurses consistently worked in excess of forty hours per week.

30. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Nurses violated the FLSA and AMWA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

31. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

32. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Regular wages and overtime premiums for all hours worked over forty hours in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

33. Plaintiff proposes the following collective under the FLSA:

**All hourly Nurses who received a bonus in connection with work performed in at least one week in which they worked over forty hours within the past three years.**

34. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

35. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

36. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were paid hourly;

    B.    They were eligible for and received nondiscretionary bonuses;

    C.    They worked over forty hours in at least one week in which they performed work related to a bonus; and

    D.    They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

37. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 50 persons.

38. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

39. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

40. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

41. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

42. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

44. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

45. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

46. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5 times her regular rate for all hours worked in excess of 40 per week.

47. Defendant knew or should have known that its actions violated the FLSA.

48. Defendant's conduct and practices, as described above, were willful.

49. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

50. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

51. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

52. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

53. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

54. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

56. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

57. Defendant failed to pay Plaintiff and similarly situated employees 1.5 times their regular rate for all hours worked in excess of 40 per week.

58. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

59. Defendant knew or should have known that its actions violated the FLSA.

60. Defendant's conduct and practices, as described above, were willful.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which

occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

62. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CLAIM FOR RELIEF
(Individual Claim for Violation of the AMWA)

64. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

65. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

66. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

67. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5 times regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

68. Defendant classified Plaintiff as nonexempt from the requirements of AMWA.

69. Defendant failed to pay Plaintiff overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

70. Defendant knew or should have known that its practices violated the AMWA.

71. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

72. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Rockell Bogan, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ROCKELL BOGAN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Patrick Wilson
Patrick Wilson
Ark. Bar No. 2021311
patrick@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com