## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**ROCKELL BOGAN, Individually and on Behalf of All
Others Similarly Situated**                                          **PLAINTIFF**

**V.**                                  **CASE NO. 5:22-CV-5096**

**LTC OF ROGERS, LLC**                                              **DEFENDANT**

### ORDER CONDITIONALLY CERTIFYING COLLECTIVE ACTION

Before the Court is Plaintiff Rockell Bogan's Motion for Conditional Certification (Doc. 16) of a collective action under the Fair Labor Standards Act. The Motion also asks the Court to approve notice and consent documents to be distributed to the proposed opt-in members of the collective action. On November 10, 2022, Defendant LTC of Rogers, LLC filed a Response to the Motion (Doc. 20) stating it did not object to conditional certification but requesting changes to the class definition and notice documents. LTC also opposed emailing the notice documents and sending out follow-up or "reminder" notices.

On November 10, 2022, the Court entered a text-only order (Doc. 21) directing the parties to meet and confer regarding LTC's objections to the proposed class definition and notice documents. On November 21, the parties filed a Joint Status Report (Doc. 22) that states that they now agree on the class definition, the form of the initial written notice (Doc. 22-1), and the form of the consent-to-join document (Doc. 22-2). However, LTC maintains its objections to emailing notices and to sending follow-up notices. Despite these remaining objections, LTC approved the form of both an emailed notice (Doc. 22-3, p. 1) and follow-up notices (Doc. 22-3, p. 2; Doc. 22-4)—in case the Court determined such notice was appropriate in this case.

1

Having reviewed the parties' briefing, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Conditional Certification (Doc. 16) is **GRANTED** as follows:

(1)     A class defined as "**All hourly nursing professionals who received an incentive bonus in connection with work performed in at least one week in which they worked over forty hours between May 20, 2019, and June 12, 2022**" is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

(2)     Within 14 days of the date of this Order, LTC's counsel is to produce to Plaintiff's counsel the names, last known addresses, and email addresses of the potential opt-in members in a usable electronic format.   Plaintiff has failed to adequately explain why the opt-ins' phone numbers are needed; therefore, Plaintiff's request for these phone numbers is denied.   With respect to email addresses, LTC claims it "does not maintain e-mail addresses for employees identified in the proposed collective action in any event."   (Doc. 20, p. 3). Nevertheless, LTC is ordered to verify that it is not in possession of any email addresses for the potential opt-ins.  If email addresses are located, they are to be disclosed. If they are not located, counsel for LTC is to provide Plaintiff's counsel with a written certification explaining LTC's efforts to locate the potential opt-ins' email addresses.

(3)     Within 21 days of the date of this Order, Plaintiff's counsel is to send by U.S. mail the parties' agreed notice (Doc. 22-1) and consent-to-join document (Doc. 22-2) to each potential opt-in member. On the same date, Plaintiff's counsel is to email the notice and consent forms to each potential opt-in whose email address has

been disclosed.  The Court authorizes the use of the proposed email text to which the parties agreed. *See* Doc. 22-3, p. 1.

(5)     Thirty days after notice is mailed, Plaintiff's counsel may send a follow-up postcard by U.S. mail to any potential opt-in who did not respond to the initial notice.  The Court approves the form of the follow-up postcard to which the parties agreed.  *See* Doc. 22-4.  Though LTC argues that follow-up notice is unnecessary where there are few potential opt-ins, the Court in its discretion finds that follow-up notice is reasonable and justified in this case.  The Court further authorizes Plaintiff's counsel to send out a follow-up email in the form to which the parties agreed (Doc. 22-3, p. 2), to the extent any email addresses are disclosed.

(6)     The Court approves a 90-day opt-in period, as measured from the date that notice is distributed to the potential opt-in members.

**IT IS SO ORDERED** on this 5th day of December, 2022.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE